Michael P. Lehmann (SBN 77152)
Christopher L. Lebsock (SBN 184546)
Samantha J. Stein (SBN 302034)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile: (415) 358-4980
mlehmann@hausfeld.com
clebsock@hausfeld.com
sstein@hausfeld.com

*Counsel for Related Plaintiff and
Proposed Intervenor Pacific Wine Distributors, Inc.*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASANTE CLEVELAND, *on behalf of himself, and all others who are similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>SK ENERGY AMERICAS, INC.; SK TRADING INTERNATIONAL CO. LTD., VITOL INC., and JOHN DOE CORPORATIONS 1–75,<br><br>Defendants. | Case No. 20-CV-0893-WQH-LL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* MOTION TO INTERVENE AND TRANSFER ACTION PURSUANT TO 28 U.S.C. § 1404 AND THE FIRST-FILED DOCTRINE, OR IN THE ALTERNATIVE TO STAY** |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................1

II. FACTUAL BACKGROUND ...............................................................1

III. THE COURT SHOULD ALLOW PWDI TO INTERVENE........................4

IV. PLAINTIFF CLEVELAND'S ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA .................................6

   A. The First-To-File Rule Justifies a Transfer or, Alternatively, a Stay ..........6

   B. Convenience Of The Parties And Witnesses And the Interests of Justice Warrant Transfer To The Northern District Of California ..........................8

   C. The Multidistrict Litigation Procedures Under 28 U.S.C. § 1407 Are Not Favored Under These Circumstances .......................................................12

V. CONCLUSION ................................................................................13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adoma v. Univ. of Phoenix, Inc.*,
  711 F. Supp. 2d 1142 (E.D. Cal. 2010) ............................................................... 7

*Aguirre v. Aaron's, Inc.*,
  No. 3:17-CV-00297-L-BLM, 2019 WL 1937573 (S.D. Cal. May
  1, 2019) ..................................................................................................... 5, 9, 11

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
  946 F.2d 622 (9th Cir. 1991) ................................................................................ 6

*In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litigation*,
  804 F. Supp. 2d 1376 (J.P.M.L. 2011) ......................................................... 12, 13

*In re Bozic*,
  888 F.3d 1048 (9th Cir. 2018) .............................................................................. 6

*Campbell v. Annie's Homegrown, Inc.*,
  No. 17cv1736-MMA (MDD), 2017 WL 6406703 (S.D. Cal. Dec.
  15, 2017) ............................................................................................................. 7

*Catch Curve, Inc. v. Venali, Inc.*
  No. CV 05-04820 DDP, 2006 WL 4568799 (C.D. Cal. Feb. 27,
  2006) ................................................................................................................... 8

*Church of Scientology of Cal. v. U.S. Dep't of the Army*,
  611 F.2d 738 (9th Cir. 1979) ............................................................................ 6, 8

*Clarke v. First Transit, Inc.*,
  No. CV 07-06476 GAF, 2012 WL 12877865 (C.D. Cal. Nov. 2,
  2012) ............................................................................................................... 5, 6

*Espineli v. Toyota Motor Sales USA, Inc.*,
  No. 2:17-cv-00698-KJM-CKD, 2018 WL 1569570 (E.D. Cal.
  Mar. 30, 2018) ..................................................................................................... 7

*Hoffman v. Blaski*,
   363 U.S. 335 (1960)..................................................................................................9

*Kohn Law Grp. v. Auto Parts Mfg. Miss., Inc.*,
   787 F.3d 1237 (9th Cir. 2015) ................................................................................6, 7

*Long v. SK Energy Americas, Inc., et al.*,
   No. 2:20-cv-04266-PA-JPR (C.D. Cal.)...................................................................4

*Metz v. U.S. Life Ins. Co. in City of N.Y.*,
   674 F. Supp. 2d 1141 (C.D. Cal. 2009)...............................................................9, 11

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) ......................................................................................6

*Ross v. U.S. Bank Nat'l Ass'n*,
   542 F. Supp. 2d 1014 (N.D. Cal. 2008)....................................................................7

*Saleh v. Titan Corp., et al.*,
   361 F. Supp. 2d 1152 (S.D. Cal. 2005) ....................................................................8

*Ventress v. Japan Airlines*,
   486 F.3d 1111 (9th Cir. 2007) ................................................................................11

*Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*,
   No. C 03-3711 MHP, 2003 WL 22387598 (N.D. Cal. Oct. 14,
   2003) .......................................................................................................................11

*Young v. TransUnion Corp.*,
   No. 13-cv-01473-BAS (KSC), 2015 WL 2384153 (S.D. Cal. May
   19, 2015) ...................................................................................................................7

**Statutes**

28 U.S.C. § 1404................................................................................................ *passim*

28 U.S.C. § 1404(a) ....................................................................................................8

28 U.S.C. § 1407...............................................................................................12, 13

Cal. Bus. & Prof. Code §§ 16720 *et seq.*..................................................................1

Cal. Bus. & Prof. Code §§ 17200 *et seq.* ..................................................................1

**Other Authorities**

Fed. R. Civ. P. 24(b)(1)(B) ........................................................................................4

## I. INTRODUCTION

Proposed intervenor, Pacific Wine Distributors, Inc. ("PWDI"), is a member of the putative class proposed to be represented by Plaintiff Asante Cleveland in the above-captioned case (also referred to herein as the "*Cleveland* action"). PWDI in fact filed the first proposed class action complaint regarding the same alleged misconduct asserted now in Mr. Cleveland's Complaint. PWDI's case is pending in the Northern District of California. Through this motion, PWDI seeks leave to intervene in this action to request the transfer of Mr. Cleveland's case to the Northern District of California pursuant to the first-filed doctrine (also known as the "first-to-file rule") and 28 U.S.C. § 1404 ("§ 1404). In the alternative, PWDI asks the Court to stay Mr. Cleveland's case pending resolution of identical proceedings now pending in the Northern District of California.

## II. FACTUAL BACKGROUND

PWDI first filed its proposed class action on May 6, 2020, on the heels of a May 4, 2020 announcement by California's Attorney General that the State of California had filed a civil action in San Francisco Superior Court against Vitol, Inc. ("Vitol"), SK Energy Americas, Inc. ("SK Energy"), and SK Trading International Co. Ltd. ("SK Trading") (together, "Defendants") for antitrust violations. Specifically, the State alleged Defendants committed violations of the California Cartwright Act (Cal. Bus. & Prof. Code §§ 16720 *et seq*.) and the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL")).

The Attorney General's complaint arises out of an investigation that it undertook, which uncovered agreements between Vitol and SK Energy—two companies that specialize in trading and importing fuel and fuel products into the United States—to manipulate the California spot markets for wholesale gasoline, which are located in San Francisco and Los Angeles. Specifically, Vitol and SK

1  Energy's indirect parent SK Trading used a partial shutdown of the ExxonMobil
2  refinery in Torrance, California as cover to bid up the wholesale price of gasoline in
3  order to make supra-competitive profits for themselves. The State alleges this
4  misconduct started not later than February 2015 and continued until one of the traders
5  left his position at the end of 2016. The Attorney General seeks injunctive relief,
6  civil penalties and damages and restitution—for itself and as *parens patriae* for
7  natural persons residing in California.[1]

As noted, PWDI filed its proposed class action in the Northern District of California against the same Defendants, alleging substantially the same misconduct. *See Pacific Wine Distributors, Inc. v. Vitol Inc., et al.*, No. 3:20-cv-03131-JSC (N.D. Cal.) ("*PWDI* action"). PWDI similarly alleges violations of the Cartwright Act and the UCL and adds a claim under Section 1 of the Sherman Act (15 U.S.C. §1) as well. The relief sought by PWDI is both broader and narrower than the Attorney General's action. For example, the Attorney General seeks civil penalties that are not available to private plaintiffs. However, PWDI seeks damages and restitution for a broader class than the Attorney General can represent pursuant to its *parens patriae* authority, which is limited to natural persons residing in California. Thus, PWDI, a business, purports to represent a class of any persons or entities that purchased gasoline in California between February 18, 2015 and December 31, 2016. *See* Lebsock Decl., Ex. A (PWDI Compl.) ¶ 30. The *PWDI* action would have been subject to removal jurisdiction of the federal courts, and thus, PWDI elected to file in federal court in the first instance.

Since PWDI filed its case, several other plaintiffs have filed similar proposed

---

[1] The AG Complaint may be found at https://www.oag.ca.gov/system/files/attachments/press-docs/Scanned%20copy%20of%20redacted%20complaint%20as%20filed.pdf.

2

class actions in the Northern District of California, alleging substantially the same facts and claims:

- *Fricke-Parks Press, Inc. et al v. SK Energy Americas, Inc., et al*, No. 3:20-cv-03148-LB (N.D. Cal., filed May 7, 2020);
- *Hudson, et al, v. Vitol, Inc., et al*, No. 5:20-cv-03217-NC (N.D. Cal., filed May 11, 2020);
- *Johnston v. Vitol Inc., et al*, No. 4:20-cv-03238-KAW (N.D. Cal., filed May 12, 2020);
- *Bogard Construction, Inc. v. Vitol Inc., et al*, No. 3:20-cv-03267-SK (N.D. Cal., filed May 13, 2020).

PWDI has moved to relate these actions to the *PWDI* action, the lowest numbered and first-filed case.

Mr. Cleveland's complaint was filed on May 13, 2020 and is largely identical in most respects to PWDI's complaint (and the other proposed class actions pending in the Northern District of California, which largely copy PWDI's complaint). *See* Lebsock Decl., Ex. B (Cleveland Compl.). Mr. Cleveland asserts the same three causes of action set forth in the *PWDI* Action and reproduces many of the same allegations, including copying images and other aspects of the PWDI complaint. And indeed, the proposed classes are virtually identical. *See id.*, Ex. A, at ¶ 30 (PWDI's class definition: "All persons or entities that purchased gasoline from a retailer within the State of California from February 18, 2015 through December 31, 2016"); Ex. B, at ¶ 16 (Cleveland's class definition: "All persons that purchased gasoline from a retailer within the State of California from at least as early as February 18, 2015 through December 31, 2016"). Given the similarity of Mr. Cleveland's case to PWDI's first-filed case, counsel for PWDI met and conferred telephonically with counsel for Mr. Cleveland on May 14 and 15, 2020 regarding this proposed motion

to transfer under the first-filed doctrine and 28 U.S.C. § 1404.

Relevant to this motion is also an Order in another related case, which has now been dismissed but was until recently pending in the Central District of California. That case was *Long v. SK Energy Americas, Inc., et al.*, No. 2:20-cv-04266-PA-JPR (C.D. Cal.), which was filed on May 11, 2020. On May 13, 2020, Judge Anderson issued an Order to Show Cause in the *Long* case, stating, among other things:

> It appears that several other actions alleging similar claims have already been filed in the Northern District of California. See <u>Pacific Wine Distributors, Inc. v. Vitol Inc., et al.</u>, CV 20-03131 (JSC) (filed on May 6, 2020); <u>Fricke-Parks Press, Inc., et al. v. SK Energy Americas, Inc., et al</u>, CV 20-03148 (LB) (filed on May 7, 2020); <u>Johnson v. Vitol Inc., et al.</u>, CV 20-03238 (KAW) (filed on May 12, 2020); and <u>Hudson et al. v. Vitol, Inc., et al</u>, CV 20-03217 (NC) (filed on May 11, 2020).
>
> Particularly in light of both the number of similar actions previously pending in the Northern District of California, and the statewide class Plaintiff seeks to represent, which may lessen the deference to which Plaintiff's choice of forum might otherwise be entitled, the Court orders the parties to show cause, in writing not to exceed 15 pages, why this action should not be dismissed or transferred to the Northern District of California for the convenience of the parties and witnesses, in the interest of justice, and pursuant to the first-to-file rule. See 28 U.S.C. §§ 1404, 1406.

Lebsock Decl., Ex. C (attaching Order) (emphases added). Plaintiff Long dismissed her case shortly after receiving the Order to Show Cause.

### III.  THE COURT SHOULD ALLOW PWDI TO INTERVENE

Federal Rule of Civil Procedure 24(b)(1)(B) provides in relevant part that "the court may permit anyone to intervene [in an action] who . . . has a claim or defense that shares with the main action a common question of law or fact."

4

> Permissive intervention is governed by Federal Rule of Civil Procedure 24(b), and generally requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 973 (9th Cir. 1992) (granting a motion to intervene for the limited purpose of modifying a protective order). However, an independent jurisdictional basis is not required where, as here, the Intervenors do not wish to litigate a claim on the merits. *Id.*

*Clarke v. First Transit, Inc.*, No. CV 07-06476 GAF (MANx), 2012 WL 12877865, at *10 (C.D. Cal. Nov. 2, 2012) ("*Clarke*"). "Although the movant bears the burden of showing that [it] meets these requirements, they are broadly interpreted in favor of intervention." *Aguirre v. Aaron's, Inc.*, No. 3:17-CV-00297-L-BLM, 2019 WL 1937573, at *1 (S.D. Cal. May 1, 2019) ("*Aguirre*") (citing *Smith v. Los Angeles Unif. Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016)) (permitting intervention to transfer a proposed class action from the Southern District to the Central District of California).

Here, PWDI seeks to intervene for the limited purpose of requesting a transfer of this action to the Northern District of California, or alternatively to seek a stay of the litigation. It does not intend to litigate the merits of Mr. Cleveland's allegations or its own allegations in this forum. As to the other factors, PWDI meets them as well. This motion is timely and was filed as soon as practicable after PWDI learned of Mr. Cleveland's case, which is in its incipiency.[2] Additionally, the plaintiffs in both cases seek to represent effectively the same class on the same set of claims arising from the same allegedly anticompetitive conduct. *See* Lebsock Decl., Exs. A & B (PWDI and Cleveland Compls., respectively).

---

[2] As noted, counsel for PWDI also met and conferred with counsel for Mr. Cleveland.

Because Plaintiff PWDI's request to intervene is limited and it otherwise meets all of the criteria for a permissive intervention, this Court should allow it. *See Clarke*, 2012 WL 12877865, at *10 (permitting intervention where intervenors were nominally within the class definition).

## IV. PLAINTIFF CLEVELAND'S ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

### A. The First-To-File Rule Justifies a Transfer or, Alternatively, a Stay

The "first-to-file" rule is a judicially-created "doctrine of federal comity" (*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)), which may be applied "when a complaint involving the same parties and issues has already been filed in another district." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) ("*Alltrade*") (citation and internal quotation marks omitted). The rule allows a district court the "discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *In re Bozic*, 888 F.3d 1048, 1051–52 (9th Cir. 2018) (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)). The goal of rule is to "serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade*, 946 F.2d at 625 (alteration in original) (quoting *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)) ("*Church of Scientology*") (internal quotation marks omitted).

In determining whether to apply the first-to-file rule, a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues. *Kohn Law Grp. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) ("*Kohn*"). These three factors weigh decisively in favor of transferring the *Cleveland* action to the Northern District of California.

As to chronology, PWDI's lawsuit was filed first, and there are now at least four other virtually identical class actions pending in the Northern District.

As to the similarity of the parties, each of the actions names the *same* three Defendants—Vitol, SK Energy, and SK Trading. And, in assessing the similarity of the plaintiffs, in the class action contexts, courts compare the similarity of the proposed classes, not the class representatives. *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (citing Cal. Jur. 3d Actions § 284); *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (noting "the classes and not the class representatives, are compared").[3] Here, the class definitions in the *PWDI* action and the *Cleveland* action are virtually identical. In class action cases, district courts have, in fact, only required that the classes "represent at least some of the same individuals." *Adoma*, 711 F. Supp. 2d at 1148; *see Kohn*, 787 F.3d at 1240 (holding that "the first-to-file rule does not require exact identity of the parties. . . . . Rather, the first-to-file rule requires only substantial similarity of parties" and admonishing courts should not apply the rule "mechanically" or in a way that rewards "gamesmanship") (citations omitted).

As to the third factor—similarity of issues—the Ninth Circuit has held: "To determine whether two suits involve substantially similar issues, we look at whether there is 'substantial overlap' between the two suits." *Id.* at 1241. Here, all of the actions concern the same allegations concerning manipulation of the San Francisco and Los Angeles gasoline spot markets by Defendants during the same period of time, and all assert the same three causes of action under the Sherman Act, the

---

[3] *See also Espineli v. Toyota Motor Sales USA, Inc.*, No. 2:17-cv-00698-KJM-CKD, 2018 WL 1569570, at *2 (E.D. Cal. Mar. 30, 2018); *Campbell v. Annie's Homegrown, Inc.*, No. 17cv1736-MMA (MDD), 2017 WL 6406703, at *4 (S.D. Cal. Dec. 15, 2017); *Young v. TransUnion Corp.*, No. 13-cv-01473-BAS (KSC), 2015 WL 2384153, at *6 (S.D. Cal. May 19, 2015).

Cartwright Act, and the UCL. Thus, the virtual identity of the parties, the claims, and the relief sought weigh decisively in favor of transferring or staying the *Cleveland* action pursuant to the first-to-file rule. *See Church of Scientology*, 611 F.2d at 750 ("The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments.").

### B.  Convenience Of The Parties And Witnesses And the Interests of Justice Warrant Transfer To The Northern District Of California

Alternatively, this Court should transfer Mr. Cleveland's action to the Northern District of California pursuant to 28 U.S.C. § 1404(a) ("§ 1404"). In pertinent part, § 1404 states that "[f]or the convenience of parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district court where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Saleh v. Titan Corp., et al.*, 361 F. Supp. 2d 1152 (S.D. Cal. 2005) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). "Thus, even when venue is proper where the action is pending, section 1404(a) provides the Court with the discretion to transfer an action to a different venue under certain circumstances." *Catch Curve, Inc. v. Venali, Inc.* No. CV 05-04820 DDP (AJWx), 2006 WL 4568799 (C.D. Cal. Feb. 27, 2006) ("*Catch Curve*").

Analysis under § 1404 is two-fold. First, the moving party must establish that the matter "might have been brought" in the district to which transfer is sought. 28 U.S.C. § 1404(a). "This includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought." *Catch Curve*, 2006 WL 4568799,

at *1; *see Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). Second, courts must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) ("*Metz*").

Each of these factors favors transfer. As a threshold matter, Mr. Cleveland could have brought his action in the Northern District of California where the earlier filed class actions are pending. As detailed in PWDI's Complaint, venue in the Northern District of California is proper "pursuant to 15 U.S.C. §§ 15 and 22, and 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to Plaintiff's claims occurred in th[at] District, a substantial portion of the affected interstate trade and commerce was carried out in th[at] District, and one or more of the Defendants reside in th[at] District or is licensed to do business in th[at] District." Lebsock Decl., Ex. A at ¶ 12, *see also* ¶¶ 11, 13, 15–16. Each Defendant has transacted business, maintained substantial contacts, and committed overt acts in furtherance of the illegal restraint of trade throughout the Northern District of California—acts which were directed at, and have had the intended effect of, causing injury to persons residing in, located in, or doing business in the Northern District. *Id.* ¶ 12. Indeed, one of the two spot markets on which the Defendants are alleged to have manipulated gasoline prices is based in San Francisco (the other is Los Angeles). *See id.* ¶ 13. Additionally, the Attorney General has filed California's action against Defendants in San Francisco Superior Court.

Furthermore, the convenience and the interest of justice factors are all either neutral or support transfer to the Northern District of California. *See also Aguirre*, 2019 WL 1937573, at *2 (holding that, in addition, "the location of the relevant events, the respective parties' contacts with the forum, relationship between the forum and [the plaintiff]'s claims, and ease of access to sources of proof are

9

considered in the class action context.").

The convenience of the majority of the parties involved favors the Northern District of California. All three Defendants have been sued in San Francisco Superior Court by the Attorney General, and most of the private civil actions have been filed in the same federal district where that case is pending. In addition to the fact that the Attorney General has filed the State's case in San Francisco, the facts and events relevant to this case also weigh in favor of San Francisco as the venue for this action. As noted, this case involves alleged price-fixing through California's spot markets, which are only located in two places: San Francisco and Los Angeles. Moreover, the California Energy Commission's Petroleum Market Advisory Committee, which has investigated spikes in California gas prices and the misconduct alleged in this case, has five members—three of whom are found in the Bay Area (Severin Borenstein in Berkeley, James Sweeney in Stanford, Kathleen Foote in San Francisco). PMAC itself, which holds five years' worth of investigative documents relating to the price spikes, is based in Sacramento, which is 87 miles away from San Francisco, compared to 504 miles from San Diego. And not only did the California Attorney General file suit in San Francisco Superior Court, but the Senior Assistant Attorney General (Kathleen Foote), the Supervising Deputy Attorney General, and the four Deputy Attorney Generals on the case are all located in San Francisco. Indeed, Foote and her team led the Attorney General's investigation into the unlawful practices, which has been going on for a year, at the specific behest of Governor Newsom.[4] The files relating to that investigation are thus going to be found in San Francisco.

By contrast, there is little to no connection with San Diego or the Southern District of California. And indeed, no other actions have been filed in the Southern

---

[4] *See* https://www.washingtonexaminer.com/policy/energy/california-targets-two-energy-companies-for-gasoline-price-gouging.

10

1  District. While Mr. Cleveland presumably had reasons for filing in the Southern
2  District of California, "the Ninth Circuit 'like other courts, has noted that the weight
3  to be given the plaintiffs choice of forum is discounted where the action is a class
4  action.'" *See Metz*, 674 F. Supp. 2d at 1146; *Aguirre*, 2019 WL 1937573, at *2
5  (same); *see also Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007)
6  (affirming transfer order where the district "court found no significant connection
7  between California and the facts alleged in the complaint.").

8  Finally, the interests of justice favor transfer to the Northern District of
9  California. There is no doubt that all of the actions pending in the Northern District
10 of California and *Cleveland* action—as well as the *parens patriae* claims of the
11 Attorney General's action—share a common nucleus of operative facts and will
12 require adjudication of the same liability, impact, and damages for the same class
13 retail gasoline purchasers. In such cases, the "interests of justice" favor "avoid[ing]
14 multiple litigations based on a single transaction." *Wireless Consumers All., Inc. v.*
15 *T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, at *4 (N.D. Cal. Oct.
16 14, 2003) (citing *Ferens v. John Deere*, 494 U.S. 516, 531 (1990); *Continental Grain*
17 *Co. v. The FBL—585*, 364 U.S. 19, 26 (1960)).

18 Lastly, district courts also consider potential forum shopping concerns as part
19 of the "interest of justice" factor. *Id.* at *5 ("Another related 'interest of justice' factor
20 is the prevention of forum shopping."). The lack of nexus to the Southern District
21 raises the possibility that forum shopping motivated the filing of Mr. Cleveland's
22 case in San Diego. While Mr. Cleveland is a resident of the Southern District, his
23 counsel hail from New York and Irvine, and they were well-aware of the pending
24 litigation in the Northern District of California. *See id.* at *6 (concerns of
25 forum-shopping where a second case "fil[ed] for the same group of plaintiffs with
26 differently named representatives" and "the essentially identical [ ] case . . . was
27

11

[already] pending in another district.").

### C. The Multidistrict Litigation Procedures Under 28 U.S.C. § 1407 Are Not Favored Under These Circumstances

When class actions are filed in different district courts across the country, there will often be efforts to coordinate and centralize the related actions through a multidistrict litigation pursuant to 28 U.S.C. § 1407 ("§ 1407"). However, invocation of § 1407's multidistrict procedures are not favored in cases like this one, where the claims focus uniquely on one state, and plaintiffs have filed in different district courts across the state. In such circumstances, using § 1407's multidistrict litigation process, is a waste of time and judicial resources while creating delay and inefficiency.

The Judicial Panel on Multidistrict Litigation ("JPML") recently confirmed this assessment in *In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litigation*, 804 F. Supp. 2d 1376, 1377 (J.P.M.L. 2011) ("*Best Buy*"), which dealt with a motion to centralize several related cases filed in the Northern and Central Districts of California. The JPML noted there that "[a]ll of these actions involve either California plaintiffs or transactions within California. Indeed, it appears that the complaints ***could have been filed in any federal court in California***." *Id.* at 1378 (emphases added). The Panel thus denied the motion to transfer pursuant to § 1407, expressing a preference for transfers pursuant to § 1404 and the first-to-file rule and emphasizing that "***centralization under Section 1407 should be the last solution*** after considered review of all other options." *Id.* (emphases added).

Here, because Mr. Cleveland's action is amenable to transfer pursuant to § 1404 and the first-to-file rule—and the balance of factors supports doing so—

transfer is warranted under those principles.[5]

## V. CONCLUSION

For the foregoing reasons, PWDI respectfully requests that this Court transfer the *Cleveland* action to the Northern District of California, or alternatively stay it.

DATED: May 18, 2020

HAUSFELD LLP

By: /s/ CL

Michael P. Lehmann (SBN 77152)
Christopher L. Lebsock (SBN 184546)
Samantha J. Stein (SBN 302034)
HAUSFELD LLP
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile: (415) 358-4980
mlehmann@hausfeld.com
clebsock@hausfeld.com
sstein@hausfeld.com

Brian Murray (*pro hac vice* to be filed)
Lee Albert (*pro hac vice* to be filed)
GLANCY PRONGAY & MURRAY LLP
230 Park Avenue, Suite 530

---

[5] The *Best Buy* Court in fact welcomed a district court's decision to transfer an action based on the first-to-file rule and § 1404 while a motion to transfer under § 1407 was pending. *Id.* at 1378 ("Importantly, Judge Breyer found unpersuasive plaintiff's argument that he should not rule on the motion to transfer until the Panel had decided the pending Section 1407 motion for centralization, stating that his ruling would 'aid the Panel in its decision on whether to treat the [MDL No. 2267] actions as an MDL and, if so, the court to which that MDL ought to be assigned. . . . We agree with Judge Breyer.").

New York, NY 101689
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: bmurray@glancylaw.com
       lalbert@glancylaw.com

*Attorneys for Related Plaintiff and Proposed Intervenor Pacific Wine Distributors, Inc. and the Proposed Class*

14

MP&A ISO MOTION TO INTERVENE & TRANSFER     CASE NO. 20-CV-0893-WQH-LL

# CERTIFICATE OF SERVICE

I certify that on May 18, 2020, I filed the foregoing document and supporting papers with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system. I also served counsel of record via this Court's CM/ECF system.

By: *s/ Christopher L. Lebsock*
Christopher L. Lebsock
HAUSFELD LLP
clebsock@hausfeld.com